IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JAMES D. CHANDLER                                                                                      PLAINTIFF

v.                                              Civil No. 6:11-cv-06019

VETERAN'S AFFAIRS for the
UNITED STATES of AMERICA                                                                     DEFENDANT

# REPORT AND RECOMMENDATION
# OF THE UNITED STATES MAGISTRATE JUDGE

Before this Court is Defendant's Motion to Dismiss. ECF No. 13. Plaintiff filed a response to this Motion. ECF No. 16. A hearing was held on this Motion on November 15, 2011. Following the hearing, at the Court's request, Defendant provided additional material regarding Plaintiff's appeal to the United States Court of Appeals for Veterans Claims. Plaintiff indicated additional material would be provided on his behalf, but the Court has not received any such material. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), this Motion was referred to this Court for the purpose of making a report and recommendation. In accordance with that referral, this Court enters the following report and recommendation.

**1. Background**

Plaintiff, James Chandler acting *pro se,* brought this action against the Department of Veteran Affairs ("VA") and alleges the VA has discriminated against him and denied his claim for service connected disability benefits. ECF No. 1. Defendant denies Plaintiff's claims and seeks to dismiss all of Plaintiff's claims based upon: (1) the Doctrine of Sovereign Immunity, (2) 38 U.S.C. § 511 because Plaintiff's claims seek review of VA's decision under a law affecting the provision of VA benefits, (3) the Court lacks subject matter jurisdiction because Plaintiff failed to file an

1

administrative tort claim with the VA, and (4) The Federal Tort Claims Act (FTCA) provides no basis for this action since it authorizes suits only against the United States itself, not its individual agencies such as the VA. ECF No. 13.

## 2. Applicable Law

FED. R. CIV. P. 12(b)(1) permits a party to move for a dismissal based on a court's lack of subject matter jurisdiction to hear the case. Dismissal under Rule 12(b)(1) is appropriate if the issue before the court is whether the Plaintiff has failed to satisfy a threshold jurisdictional requirement. *Missouri v. Western Sur. Co.*, 51 F.3d 170, 173 (8th Cir. 1995). In order to properly dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the complaint must be successfully challenged on its face or on the factual truthfulness of its averments. *See Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993).

Pursuant to FED. R. CIV. P. 12(b)(6), a case may be dismissed if the plaintiff fails to "state a claim upon which relief can be granted." In assessing whether a plaintiff has failed to state a claim, a court should first presume the facts as stated are true. *See Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949-50 (2009). Second, a court must determine whether the plaintiff pleads factual content that allows the court to draw the reasonable inference "that the defendant is liable for the misconduct alleged." *Id.* Dismissal is not proper when the factual allegations in a complaint, which are assumed to be true, are sufficient to state a claim to relief that is plausible on its face. *See Hawks v. J.P. Morgan Chase Bank,* 591 F.3d 1043, 1049 (8th Cir. 2010) (internal quotation marks and citations omitted).

## 3. Discussion

### A. Sovereign Immunity

The United States retains sovereign immunity from lawsuits unless the government has consented to suit. *See United States v. Mitchell*, 463 U.S. 206, 212 (1983). Such a waiver of

sovereign immunity must be unequivocal. *See McNabb v. Riley*, 29 F.3d 1303, 1306 (8th Cir.1994) (citing *United States v. Nordic Village, Inc*., 503 U.S. 30, 33(1992)). Additionally, as a federal department, sovereign immunity also extends to Defendant. *Shelton v. United States Customs Serv*., 565 F.2d 1140, 1141 (9th Cir. 1977). In the present case, Plaintiff brings suit against Defendant, yet the federal government has not authorized such a suit. Therefore, the doctrine of sovereign immunity bars jurisdiction.

### B. Veterans Judicial Review Act

The Veterans Judicial Review Act, Pub. L. No. 100-687, 102 Stat. 4105 (1988) (VJRA), precludes judicial review by the federal courts of VA decisions affecting the provision of veterans' benefits. *See* 38 U.S.C. § 511(a). This provides in pertinent part:

> The Secretary shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans. Subject to subsection (b), **the decision of the Secretary as to any question shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise**.

*Id*. (Emphasis added). As noted by Defendant in its Memorandum in Support of Motion to Dismiss, the only exceptions to preclusion of review specified in § 511(b) are (1) challenges to rulemaking under 38 U.S.C. § 502, (2) certain insurance questions under 38 U.S.C. §§ 1975 and 1984, (3) matters relating to housing and small business loans under 38 U.S.C. ch. 37, and (4) review of Board of Veterans Appeals decisions in the United States Court of Appeals for Veterans Claims. None of these exceptions apply in this case, and this Court is precluded from reviewing the decisions of the VA.

The exclusive avenue for redress of veterans' benefits determinations is an appeal to the United States Court of Appeals for Veterans Claims and from there to the United States Court of

Appeals for the Federal Circuit. *See* 38 U.S.C. §§ 511, 7252, 7292, and *In re Russell*, 155 F.3d 1012 (8th Cir. 1998). A claimant may petition the United States Supreme Court for review of the decision of the Federal Circuit. *See* 38 U.S.C. § 7291. As a result, this Court has no jurisdiction over Plaintiff's claims pursuant to 38 U.S.C. § 511.

## 4. Conclusion

Based on the forgoing, this Court recommends Plaintiff's claims against Defendant be barred based on a finding of sovereign immunity and lack of subject matter jurisdiction.[1] Further, this Court recommends Defendant's Motion to Dismiss (ECF No. 13) be **GRANTED** and that Plaintiff's claims be dismissed in total.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.** *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

**ENTERED this 6th day of February, 2012.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

---

[1] Based on these findings, I do not find it necessary to reach to other points raised by the Defendant in this motion.